**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | **CRIMINAL NO. TDC-20-33** |
| | * | |
| **BRIAN MARK LEMLEY, JR.,** | * | |
| **PATRIK JORDAN MATHEWS, and** | * | |
| **WILLIAM GARFIELD BILBROUGH** | * | |
| **IV,** | * | |
| | * | |
| **Defendants** | * | |
| | * | |

**\*\*\*\*\*\*\***

**GOVERNMENT'S CONSENT MOTION TO EXCLUDE TIME UNDER**
**SPEEDY TRIAL ACT AND TO DELAY SCHEDULING ORDER**

The United States of America, by its undersigned counsel, hereby moves that this Court make a finding pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and (h)(7)(B) that time necessary for discovery in this complex case and for the parties meaningfully to engage in discussions regarding disposition means that the ends of justice are served by continuing the trial date beyond the 70 day period normally required under 18 U.S.C. § 3161(c)(1).  The necessity for discovery review in this complex case and for discussing possible disposition outweighs the best interests of the public and the defendants in a speedy trial.  For the reasons set forth below, the Court should find that the parties need a longer period than is normally afforded under the Speedy Trial Act.

1.      This case involves an investigation regarding a white supremacist organization called "THE BASE."  The defendants were charged by complaint on January 14, 2020, and arrested two days later. They have remained detained pending trial.  On January 27, 2020, a federal grand jury for the District of Maryland returned an indictment charging the defendants with various firearm and alien-related counts.  On January 28, 2020, a federal grand jury for the District of

Delaware returned an indictment charging Lemley and Mathews with additional firearm and alien-related counts.

2. Discovery in this case is voluminous, involving approximately one month of closed-circuit television recordings and Title III oral bug interceptions; FBI Undercover Employee recordings; the results of search warrants of four physical locations in Maryland and Delaware; recordings of jail calls; search warrants related to at least fifteen email accounts and online messaging platforms; financial records; telephone records; and other records.

3. The Government is diligently working with defense counsel to provide discovery as quickly as possible, while respecting appropriate discovery protections.

4. Defense counsel cannot meaningfully prepare for trial or engage in discussions regarding disposition without the benefit of a review of discovery.

4. In light of the complexity of the case, the large amount of discovery, the possibility of disposition, and the relevant scheduling parameters, it is clear that the 70 days contemplated by the Speedy Trial Act for discovery, pre-trial motions, and trial preparation will be inadequate.

5. Further, the parties are aware of the deadlines typically imposed by the Court's standard Scheduling Order. The parties request that, instead of implementing the standard Scheduling Order, the Court instead schedule a status call for the week of March 9, 2020. By that point, the parties should be in a position to discuss an appropriate schedule for this case.

6. Counsel for the defendants have reviewed this motion and consented to it.

7. For the foregoing reasons, the Government requests that the Court find that the interests of justice require a reasonable period of time to be excluded from the Speedy Trial clock pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and (h)(7)(B) because it is in the interests of justice for defense counsel to have a period of time to receive and study the discovery in this complex case.

It is in the interests of justice for the parties to have beyond 70 days to review discovery, prepare the case for trial, and to engage in discussions regarding disposition.

For the convenience of the Court a proposed order is attached.

Respectfully submitted,

Robert K. Hur
United States Attorney

/s/
Thomas P. Windom
Thomas M. Sullivan
Assistant United States Attorneys

Jamie M. McCall
Special Assistant United States Attorney