IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. TDC-20-33 |
| | * | |
| BRIAN MARK LEMLEY, JR., | * | |
| | * | |
| Defendant | * | |
| | * | |

\*\*\*\*\*\*\*

## SUPPLEMENTAL MOTION FOR DETENTION

The defendant remains a clear and present danger to the community and a flight risk. He should be detained pending trial.

## Background

On January 16, 2020, the defendant was arrested pursuant to a federal criminal complaint, which charged him with various firearm and alien-related offenses. *See* Case No. 20-mj-192-CBD, ECF No. 1. At the defendant's initial appearance the same day, Magistrate Judge Sullivan temporarily detained the defendant pending a detention hearing. *See* Case No. 20-mj-192-CBD, ECF No. 8. In an extensive motion filed on January 21, 2020, the Government set forth substantial evidence in favor of detention. *See* Case No. 20-mj-192-CBD, ECF No. 13. The same day, the defendant consented to detention, reserving his right to have a detention hearing at a later date. *See* Case No. 20-mj-192-CBD, ECF No. 12.

On January 27, 2020, a federal grand jury for the District of Maryland returned an indictment charging the defendant with twelve felony counts, including transporting certain aliens, harboring certain aliens, conspiracy to transport and harbor certain aliens, transporting a machine gun in interstate commerce, disposing of a firearm and ammunition to an illegal alien, aiding-and-

abetting an alien in possession of a firearm, and transporting a firearm and ammunition in interstate commerce with the intent to commit a felony. ECF No. 40.

On January 28, 2020, a federal grand jury for the District of Delaware returned an indictment charging the defendant with six felony counts, including transporting certain aliens, harboring certain aliens, aiding-and-abetting an alien in possession of a firearm, possession of a machine gun, failing to register a machine gun, and obstruction of justice. *See* Case No. 20-00009-cr-LPS (D. Del.).

On March 11, 2020, the defendant asked the Court to set a detention hearing. ECF No. 68. The original date was postponed due to the Court's measures regarding COVID-19. The Court now has set the detention hearing for March 31, 2020, at 11:00 a.m.

## **Argument**

In its original detention motion, the Government extensively discussed the reasons the defendant should be detained. *See* Case No. 20-mj-192-CBD, ECF No. 13. The Government will not repeat those reasons here. Rather, the Government writes to add to the Court's consideration certain events that have occurred since the defendant's arrest.

First, as discussed above, the defendant now faces federal indictments in both Maryland and Delaware. The multiple charges in each jurisdiction, including firearm charges in both jurisdictions and obstruction of justice in Delaware, demonstrate that the Defendant is an even greater danger to the community, and counsel in favor of detention.

Second, both of the defendant's co-defendants—Patrick Jordan Mathews and William Garfield Bilbrough IV—have been detained. If anything, this defendant is more dangerous and more of a flight risk than his co-defendants.

Third, as detailed in an FBI FD-302 provided to the defense in discovery, the defendant made certain unprompted statements while being transported after his arrest on January 16, 2020. In certain relevant part, the FD-302 reads:

> LEMLEY condemned communists, radical leftists, and the "gay agenda," and expressed idolatry for fascism. LEMLEY said fascism advocated for the removal of "parasites" from society. LEMLEY told the Agents the average IQ of a white person is between 100 and 110, while the average "border jumper" had an IQ of 70. Lowering the collective IQ of the population would make the population easier to control. . . . LEMLEY told Agents "Oh, on the fuckhead, yea you got me on that" and motioned to the vehicle that was transporting PATRIK JORDAN MATHEWS.

## **Conclusion**

For the foregoing reasons, as well as those discussed in the Government's initial motion for detention, the Court should order the defendant detained pending trial.

    Respectfully submitted,

    Robert K. Hur
    United States Attorney

    /s/_____
    Thomas P. Windom
    Thomas M. Sullivan
    Assistant United States Attorneys

    Jamie M. McCall
    Special Assistant United States Attorney