# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

FILED_____ ENTERED
_____ LOGGED_____ RECEIVED

UNITED STATES OF AMERICA

          vs.

**Brian Mark Lemley, Jr.**

\*

\*

\*

\*

MAR 31 2020

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
Case No.   TDC-20-33 DISTRICT OF MARYLAND
BY _____ DEPUTY

\*\*\*\*\*\*

## ORDER OF DETENTION (18 U.S.C. § 3142)

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I have concluded that the following facts require the detention of the defendant pending the trial of this case.

### PART I: FINDINGS OF FACT

☒ (1) This is a case in which the government may properly seek detention.

☒ (2) The defendant is charged under: 8 U.S.C. § 1324(a)(1)(A)(ii), (iii), (v)(I), (v)(II), 18 U.S.C. § 922(a)(4), 18 U.S.C. § 922(d)(5), (g)(5), 18 U.S.C. § 2, 18 U.S.C. § 924(b)

☒ (3) The maximum term of imprisonment, if convicted, is: ten years

☒ (4) Based on the government's proffer there is probable cause to believe that the defendant committed the offense(s) charged.

    ☐ The government is entitled to a presumption under § 3142 (e) **[describe in Part II]**.

    ☐ The defendant has failed to rebut this presumption [as to flight risk] or [as to danger].

☒ (5) I find, by a preponderance of the evidence, from the information produced at the hearing that there is a serious risk that the defendant will not appear.

☒ (6) I find, by clear and convincing evidence, from the information produced at the hearing that the defendant poses a risk to the safety of other persons and the community.

☒ (7) I find by clear and convincing evidence that there is no condition or combination of conditions which will reasonably assure the defendant's presence at trial or as otherwise required and the safety of the community.

### PART II: WRITTEN STATEMENT OF ADDITIONAL REASONS FOR DETENTION

The nature and circumstances of the offense and uncharged criminal conduct are gravely serious. They indicate the defendant's willingness, desire, and intent to harm or kill scores of individuals because of their skin color or religion. The weight of the proffered evidence is overwhelming. It consists of Title III recordings, CCTV from inside the defendant's apartment, and online posts, among other sources. In 2019, the defendant joined a white nationalist group that shares his beliefs. He attended training camps with the organization in the latter half of 2019 where he and others shot firearms as part of their training. Just three months ago, he created an assault rifle in anticipation of a January 2020 public rally in Virginia that he and his co-defendants planned to attend or watch in the hopes that they would harm people and cause a civil war. The defendant has discussed with likeminded people how he would like to kill "a fed" and that he cannot wait to get his first body. He has discussed how he would evade police if they pursued him and be willing to kill a police officer in the process. Upon the execution of the search warrant, he destroyed his cell phone. He faces related federal charges in Delaware. He allegedly aided and abetted his co-defendant's flight from Canadian law enforcement by traveling to Michigan to pick him after the co-defendant illegally crossed the border.

The defendant is committed to the custody of the Attorney General or his/her designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the U.S. Marshal shall deliver the defendant for the purpose of an appearance in connection with a court proceeding.

March 31, 2020

Date

Deborah L. Boardman

United States Magistrate Judge