IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | **CRIMINAL NO. TDC-20-33** |
| | * | **CRIMINAL NO. TDC-21-205** |
| **BRIAN MARK LEMLEY, JR., and** | * | **CRIMINAL NO. TDC-21-206** |
| **PATRIK JORDAN MATHEWS,** | * | |
| | * | |
| **Defendants** | * | |
| | * | |

********

## GOVERNMENT'S MOTION TO SEAL CERTAIN SENTENCING EXHIBITS

The United States of America, by and through the undersigned attorneys, hereby moves for an order sealing certain exhibits to the Government's Memorandum in Aid of Sentencing. Certain of the exhibits contain confidential information, including identifying information and photographs of third-parties not implicated in the defendant's criminal conduct, as well as UCE information.

In order to seal documents, "the government must demonstrate that: 1) there is a compelling governmental interest requiring materials to be kept under seal; and 2) there is no less restrictive means, such as redaction, available." *In re Search Warrants Issued on April 26, 2004*, 353 F. Supp. 2d 584, 591 (D. Md. 2004) (citing *United States v. Oliver*, No. 99-4231, 2000 U.S. App. LEXIS 3630, at *4 (4th Cir. Va. Mar. 9, 2000)). Here, there is a compelling interest in maintaining certain material under seal.

The procedures for sealing are set forth in *Baltimore Sun Co. v. Goetz*, 886 F.2d 60 (4th Cir. 1989): "The judicial officer may explicitly adopt the facts that the government presents to justify the sealing . . . ." *Id*. at 65.

Respectfully Submitted,

Jonathan F. Lenzner
Acting United States Attorney

By: /s/_____
Thomas P. Windom
Assistant United States Attorney