IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. TDC-20-033 |
| | * | CRIMINAL NO. TDC-21-205 |
| BRIAN MARK LEMLEY, JR., | * | |
| | * | |
| Defendant | * | |
| | * | |

*******

## UNITED STATES' MOTION FOR PRELIMINARY ORDER OF FORFEITURE

The United States of America, by its undersigned attorneys, respectfully moves this Court for the issuance of a Preliminary Order of Forfeiture in the above-captioned case pursuant to 18 U.S.C. §§ 924(d) and 982(a)(6), 28 U.S.C. § 2461(c) and Rule 32.2(b) of the Federal Rules of Criminal Procedure. A proposed Preliminary Order of Forfeiture is submitted herewith. In support thereof, the United States sets forth the following:

1. On January 27, 2020, a federal grand jury sitting in the District of Maryland returned an Indictment charging Brian Mark Lemley, Jr. (the "Defendant") with conspiracy to transport certain aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I) (Counts One and Three), transporting certain aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) & (a)(1)(A)(v)(II) (Counts Two and Four), harboring certain aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(iii) & (a)(1)(A)(v)(II) (Count Five), transporting a machine gun in interstate commerce, in violation of 18 U.S.C. § 922(a)(4) (Count Six), disposing of firearm and ammunition to illegal alien, in violation of 18 U.S.C. § 922(d)(5) (Counts Seven and Ten), alien in possession of firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(5) and 2 (Counts Eight and Eleven), and transporting firearm and ammunition in interstate commerce with intent to commit felony, in

1

violation of 18 U.S.C. §§ 924(b) and 2 (Counts Nine and Twelve).  Crim. No. TDC-20-33, ECF No. 40 (the "Maryland Indictment").

2.  The Maryland Indictment also included a forfeiture allegation which provided notice that the United States intended to seek forfeiture, pursuant to 8 U.S.C. § 1324(b), 18 U.S.C. §§ 924(d) and 982(a)(6), 21 U.S.C. § 853(p), 28 U.S.C. § 2461(c) upon conviction of the Defendant of the offenses alleged in Counts One through Twelve of the Maryland Indictment.  *Id.* at 14-15.[1]

3.  On January 28, 2020, a federal grand jury sitting in the District of Delaware returned an Indictment charging the Defendant with transporting certain aliens, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii) and 1324(a)(1)(B)(ii) (Count One); harboring certain aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(iii) and 1324(a)(1)(B)(ii) (Count Two); aiding and abetting an alien in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(5)(A) and 924(a)(2) and 18 U.S.C. § 2 (Count Three); possession of a machine gun, in violation of 18 U.S.C. §§ 922(o) and 924(a)(2) and 18 U.S.C. § 2 (Count Four); possession of an unregistered machine gun, in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871 and 18 U.S.C. § 2 (Count Five); and obstruction of justice, in violation of 18 U.S.C. § 1519 (Count Six).  Crim. No. TDC-21-205, ECF No. 1-1 (the "Delaware Indictment").

4.  The Delaware Indictment also provided notice that the United States intended to seek forfeiture upon the Defendant's conviction of the offenses alleged in Counts One and Two, pursuant to 18 U.S.C. § 982(a)(6), 8 U.S.C. § 1324(b), and 28 U.S.C. § 2461, and upon the

---

[1] The forfeiture allegation also provided notice that upon the Defendant's conviction, the Government would seek forfeiture of the Defendant's truck: a 2019 Chevrolet Colorado ZR2 (VIN 1GCPTEE18K1133848).  The United States subsequently learned that the vehicle did not have sufficient equity for forfeiture and therefore was not seized.  Accordingly, the United States is not seeking judicial forfeiture of the vehicle.

Defendant's conviction on Counts Three and Four, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), and upon the Defendant's conviction on Count Five, pursuant to 49 U.S.C. § 80303, 26 U.S.C. § 5872, and 28 U.S.C. § 2461. *Id.* at 3-4.  The Delaware Indictment provided specific notice that upon the Defendant's conviction of the offenses alleged in Counts Three and Four, the defendant shall forfeit to the United States all firearms and ammunition involved in the commission of the offense, including:  (1) one green and black 5.56 caliber assault rifle with no serial number, and (2) one Springfield Arm M1A 6.5 Creedmoor Rifle (serial number U242648), and (3) miscellaneous ammunition.

5. On June 11, 2021, the Defendant pled guilty in the District of Maryland to the offenses alleged in Counts One, Four, Seven, and Twelve of the Maryland Indictment and Counts One, Two, Three and Six of the Delaware Indictment.  ECF No. 159.  As part of his guilty plea, the Defendant agreed to forfeit to the United States all right, title, and interest in the following items that the Defendant agreed constitute money, property, and/or assets derived from or obtained by the Defendant as a result of, or used to facilitate the commission of, the Defendant's offenses: all firearms and ammunition seized from the Defendant's residence in Delaware on or about January 16, 2020.  *Id.* ¶12.

6. During the execution of a search and seizure warrant at the Defendant's residence (and the Defendant's truck) in Newark, Delaware on January 16, 2020, law enforcement seized the following firearms and ammunition:

   (1) a Springfield Arms M1A 6.5 Creedmor Rifle bearing serial number U242648;

   (2) an AR-15 rifle with sling and no serial number;[2]

---

[2] The AR-15 rifle is described as a green and black 5.56 caliber assault rifle with no serial number in the Delaware Indictment.

(3) eighteen boxes containing approximately 360 rounds of 6.5 Creedmoor cartridges;

(4) approximately two 12-gauge slugs;

(5) approximately 27 rounds of Sellier & Bellot 6.5 Creedmoor cartridges;

(6) approximately 171 rounds of 5.56 caliber ammunition and six rifle magazines;

(7) one box containing approximately 1,000 5.56 caliber rifle cartridges shipped to the Defendant;

(8) approximately six Bear River rounds;

(9) approximately three rounds of Sellier and Bellot 6.5 Creedmor cartridges and one rifle magazine;

(10) one ammunition box containing approximately two rounds of ammunition;

(11) approximately one S&W .40 caliber round;

(12) approximately 11 12-gauge shotgun shells;

(13) approximately 368 rounds of 22 caliber ammunition;

(14) approximately 39 rounds of 6.5 Creedmoor ammunition;

(15) two boxes of Match 308 Winchester 155 CR ammunition containing approximately 20 cartridges each;

(16) approximately two 12-guage shotgun shells;

(17) approximately four rounds of Sellier & Bellot 6.5 Creedmor ammunition;

(18) one box of tactical ammunition containing approximately 20 rounds of 6.5 ammunition

(collectively, the "Subject Property").  The Subject Property is forfeitable, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(C), as firearms and ammunition involved in the Defendant's firearms offenses, and pursuant to 18 U.S.C. § 982(a)(6)(A)(ii)(II), as property, real or personal, used or intended to be used to facilitate the Defendant's immigration offenses.

7.      Accordingly, pursuant to 18 U.S.C. §§ 924(d) and 982(a)(6), 28 U.S.C. § 2461(c), and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture with respect to the Subject Property.

8.      Upon the issuance of a Preliminary Order of Forfeiture and pursuant to 21 U.S.C. § 853(n)(1) and Rule 32.2(b)(6)(C) of the Federal Rules of Criminal Procedure, the United States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture, notice of the United States' intent to dispose of the Subject Property, and notice that any person, other than the Defendant, having or claiming a legal interest in the Subject Property must file a petition with the Court within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier.

9.      This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Subject Property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited Subject Property and any additional facts supporting the petitioner's claim and the relief sought.

10.     The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the Subject Property that is the subject of the Preliminary Order of Forfeiture as a substitute for published notice as to those persons so notified.

11.     The United States also seeks authority to conduct any discovery that might be necessary to identify, locate, or dispose of forfeited property, pursuant to Rule 32.2(b)(3) and (c)(1)(B) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m).

WHEREFORE, the United States requests that this Court:

(a) enter the Preliminary Order of Forfeiture in the form submitted herewith;

(b) include the forfeiture, as set forth in the Preliminary Order of Forfeiture, in the oral pronouncement of the Defendant's sentence;

(c) retain jurisdiction for the purpose of enforcing the forfeiture; and

(d) incorporate the Preliminary Order of Forfeiture in the criminal judgment entered against the Defendant, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4).

Respectfully submitted,

Erek L. Barron
United States Attorney

By:   /s/_____
Thomas P. Windom
Assistant United States Attorney